COOPER HOSPITAL UNIVERSITY
MEDICAL CENTER, Appellant

v.

Thomas E. PRICE, Secretary,
Department of Health and
Human Services, Appellee

No. 16-5165
Consolidated with 16-5211
September Term, 2016

United States Court of Appeals,
District of Columbia Circuit.

Filed On: May 9, 2017

John Zen Jackson, McElroy Deutsch Mulvaney & Carpenter, LLP, Morristown, NJ, for Plaintiff-Appellant

Janice L. Hoffman, Associate General Counsel, Susan Maxson Lyons, Esquire, U.S. Department of Health & Human Services, (HHS) Office of General Counsel, Washington, DC, Alisa B. Klein, Attorney, Carleen Mary Zubrzycki, U.S. Department of Justice, (DOJ) Civil Division, Appellate Staff, for Defendant-Appellee

Before: Rogers, Brown and Griffith, Circuit Judges.

## JUDGMENT

Per Curiam

These appeals were considered on the record from the United States District Court for the District of Columbia and were briefed by the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. See D.C. CIR. R. 36(d). It is

ORDERED AND ADJUDGED that, on the record presented, the district court judgment be affirmed. Pursuant to the Medicare statute, additional Medicare payments—so-called "disproportionate share hospital" adjustments ("DSH")—may be made to hospitals that serve a "significantly disproportionate number of low-income patients" as defined by statutory formula. 42 U.S.C. § 1395ww(d)(5)(F)(i)(I). The formula requires the Secretary of Health and Human Services to count each hospital's number of patient days attributable to patients "eligible for medical assistance under a State plan approved under [the Medicaid statute]." *Id.* § 1395ww(d)(5)(F)(vi)(II). Appellants here argue the Secretary impermissibly interpreted this text and excluded patient days accrued under the New Jersey Charity Care Program ("NJCCP") from the reimbursement calculation.

This Court addressed the proper interpretation of Section 1395ww(d)(5)(F)(vi)(II) in *Adena Regional Medical Center v. Leavitt*, 527 F.3d 176 (D.C. Cir. 2008). There, we held the Secretary may not count patient days incurred by individuals covered under state charity-care programs not included in the state's federally-approved Medicaid plan for DSH purposes. *Id.* at 178. In fact, pursuant to *Adena*, the Secretary was *without statutory authority* to provide Appellants the relief they request. *See id.*

Appellants nonetheless allege the Secretary's decision to exclude NJCCP patient days from their DSH calculations constituted an Equal Protection violation. Specifically, they argue the Secretary included patient days for populations in other states similar to the group enrolled in NJCCP. Appellants argue this disparate treatment is arbitrary and capricious in violation of the APA and the equal protection guaran-

tee of the Fifth Amendment's Due Process Clause.

The state programs to which Appellants refer are known as Section 1115 expansion-waiver programs. *See Medicare Inpatient Disproportionate Share Hospital Adjustment Calculation: Change in the Treatment of Certain Medicaid Patient Days in States with 1115 Expansion Waivers*, 65 Fed. Reg. 3,136-01, 3,136 (Jan. 20, 2000) (noting these projects, intended to experiment with new options before nationwide adoption, can expand coverage to otherwise Medicaid-ineligible individuals). And this Court has previously held the Medicare statute *specifically permits* the Secretary to include patient days from these Section 1115 programs in the DSH calculation. *Cookeville Reg'l Med. Ctr. v. Leavitt*, 531 F.3d 844, 847–49 (D.C. Cir. 2008). Therefore, the Secretary's choice to distinguish between federally-approved Section 1115 programs and state-only programs like NJCCP is congressionally sanctioned; while the Secretary has the discretion to include patient days for Section 1115 programs, he is prohibited from including state charity-care patient days accrued through NJCCP.[1]

Further, a hospital's eligibility to receive a larger Medicare-DSH payment neither affects a fundamental right nor burdens a suspect class. *See Washington v. Glucksberg*, 521 U.S. 702, 720–21, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997) (noting "fundamental rights and liberties ... are, objectively, deeply rooted in this Nation's history and tradition and implicit in the concept of

ordered liberty, such that neither liberty nor justice would exist if they were sacrificed"). Accordingly, the Secretary must offer only "some legitimate governmental purpose" in order to prevail against Appellants' Equal Protection arguments. *Heller v. Doe*, 509 U.S. 312, 320, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993); *see also Dandridge v. Williams*, 397 U.S. 471, 485, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970) (requiring "some reasonable basis"). Here, there clearly *is* such a legitimate purpose—a rational basis—to distinguish between charity-care programs and Section 1115 experimental programs. As the district court noted, "expansion waivers further the goals of Medicaid, [ ] HHS has considerably more oversight of § 1115 expansion-waiver programs than it does over state charity-care programs, and [ ] the decision to approve expansion-waiver programs and include them in the Medicare DSH reimbursement is made on a case-by-case basis." *Cooper Hosp./Univ. Med. Ctr. v. Burwell*, 179 F.Supp.3d 31, 50 (D.D.C. 2016). Nothing more is required.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for hearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

---

1. Of course, Appellants may challenge the Secretary's *application* of the Medicare statute. But that too is foreclosed. As the Sixth Circuit recently explained, the argument "presuppose[s] that the Medicaid proxy is ambiguous and [such a claim would be] cognizable only if the Secretary had discretion in how to interpret and apply that ambiguous statute." *Owensboro Health, Inc. v. U.S. Dep't of*

*Health &Human Servs.*, 832 F.3d 615, 627 (6th Cir. 2016). Because the statute *does not allow* for the inclusion of state-charity-care-program patient days, the Secretary has "no discretion in how to apply the Medicaid proxy and thus lack[s] the statutory authority to interpret the statute in a way that would" fulfill Appellants' funding request. *Id.*